## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 29 2015, 8:57 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Leanna Weissmann<br>Lawrensburg, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Michael Gene Worden<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Connie Kidd,<br><br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br><br>*Appellee-Plaintiff,* | July 29, 2015<br><br>Court of Appeals Cause No.<br>16A01-1412-CR-522<br><br><br>Appeal from the Decatur Superior Court<br>The Honorable Matthew Bailey, Judge<br>Cause No. 16D01-1307-FD-462 |

**Robb, Judge.**

# Case Summary and Issues

[1] Following a jury trial, Connie Kidd was convicted of operating a vehicle while intoxicated as a Class D felony. She raises two issues for our review: (1)

whether the trial court abused its discretion by admitting Kidd's blood test results; and (2) whether the abstract of judgment must be amended to clarify that Kidd acquired only one conviction in this case. We conclude the trial court did not abuse its discretion by admitting Kidd's blood test results. Therefore, we affirm her conviction for Class D felony operating a vehicle while intoxicated. However, we remand with instructions that the trial court amend Kidd's abstract of judgment to clarify that only one conviction was entered against her.

# Facts and Procedural History

[2] On July 6, 2013, Officer David Henderson of the Decatur County Sheriff's Department responded to a report of a possibly intoxicated person in a restaurant parking lot. Officer Henderson arrived at the restaurant and approached Kidd, who was sitting in the driver's seat of her vehicle. Officer Henderson believed that Kidd was intoxicated and asked her to step out of the vehicle, but she stated that her vehicle was not running and that she did not wish to get out of the vehicle. The officer advised Kidd to contact a sober driver. Officer Henderson and two other officers left the parking lot but remained nearby.

[3] Shortly after the officers left the parking lot, Kidd started her vehicle and attempted to drive away. The officers initiated a traffic stop. Kidd performed a field sobriety test—the horizontal gaze nystagmus test—during which she

showed signs of intoxication. Kidd was advised of Indiana's implied consent law, and she agreed to take a chemical test.

[4] Kidd was transported to the Decatur County EMS building for a blood draw. After conducting the blood draw, the paramedic handed a vial of Kidd's blood to Officer Henderson, who shook the vial for approximately one minute. The blood later tested positive for marijuana metabolites and a blood alcohol content of 0.17.

[5] The State charged Kidd as follows: Count 1, operating a vehicle while intoxicated, a Class C misdemeanor; Count 2, operating a vehicle with an alcohol concentration of 0.15 or more, a Class A misdemeanor; Count 3, operating a vehicle with a controlled substance in the body, a Class C misdemeanor; and Count 4, operating a vehicle while intoxicated, a Class D felony.[1] A jury found Kidd guilty of Counts 1, 2, and 3, and after Kidd stipulated to the existence of a prior conviction for operating a vehicle while intoxicated, the trial court found her guilty of Count 4. The trial court ordered the first three counts to be merged into Count 4, and entered a conviction on Count 4. Kidd was sentenced to a total of 540 days, which were to be split between imprisonment, community corrections, and supervised probation. Kidd now brings this appeal.

---

[1] Count 4 was charged as a Class D felony because Kidd had a prior conviction for operating a vehicle while intoxicated. See Ind. Code § 9-30-5-3(a) (2013).

# Discussion and Decision

## I. Admission of BAC Evidence

[6] Kidd contends that her blood test results were erroneously admitted at trial because Officer Henderson's improper handling of the blood sample rendered the test results unreliable. A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *Remy v. State*, 17 N.E.3d 396, 399 (Ind. Ct. App. 2014), *trans. denied*. The court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law. *Id.* The court's decision concerning the reliability of scientific evidence is reviewed under an abuse of discretion standard. *Hagerman Construction, Inc. v. Copeland*, 697 N.E.2d 948, 957 (Ind. Ct. App. 1998), *trans. denied*. Relevant evidence is generally admissible at trial. Ind. Evidence Rule 402. However, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Ind. Evidence Rule 403.

[7] Blood test results are generally admissible so long as they comply with the rules of evidence. *State v. Bisard*, 973 N.E.2d 1229, 1235 (Ind. Ct. App. 2012) (citing Ind. Code § 9-30-6-6(c)), *trans. denied*. Presumably, that is the case because "[b]lood samples are obtained and analyzed by medical professionals who are trained to produce reliable results." *Id.* However, deviation from proper procedure concerning the blood draw and testing may warrant exclusion of

blood test results in some circumstances. *See Hagerman Construction*, 697 N.E.2d at 956-57 (holding trial court did not abuse its discretion by excluding evidence of blood test results where the failure to freeze the sample and add preservatives rendered the results unreliable).

[8]    Kidd argues that a breach in proper procedure calls into question the reliability of the test results in this case. After a blood sample is taken, it is ordinarily mixed with an anticoagulant, which is achieved by gently inverting the sample several times. Here, rather than a few gentle inversions of the vial, Officer Henderson shook Kidd's blood sample for approximately one minute. It is Kidd's position that this shaking may have caused hemolysis—the breaking down of red blood cells—which, in turn, could impact certain blood test results. Kidd presented evidence of such a possibility through a Mayo Clinic report. The State countered with testimony from its expert witness, who stated that improper inversion of the blood sample created only a small chance of hemolysis. On appeal, the State also points out that Kidd presented only evidence that hemolysis was *possible* and that it *could* have an effect on a blood test; Kidd did not present evidence that hemolysis actually occurred in this case or that hemolysis affected the blood alcohol test.

[9]    The trial court was presented with evidence from the State that Officer Henderson's handling of Kidd's blood sample, albeit improper, was not likely to cause hemolysis or impact the blood test results. It was within the trial court's discretion to credit that testimony. Under the circumstances of this case

and considering the evidence before the trial court, we cannot say that the trial court abused its discretion by admitting the blood test results.

## II. Abstract of Judgment

Next, Kidd complains of what she believes to be an ambiguity in the abstract of judgment. After Kidd was found guilty of the four counts against her, the trial court purported to merge the first three counts into Count 4 and enter a conviction only as to Count 4. Indeed, the trial court's sentencing order is clear that only Count 4 was to be entered as a conviction: "for the purposes of sentencing, Counts One, Two, and Three merge into Count Four. The Court now enters judgment of conviction only as to Count Four . . . ." Appellant's Appendix at 405. However, Kidd notes that the abstract of judgment lists the disposition of Counts 1, 2, and 3 as "Conviction Merged." *Id.* at 414. Meanwhile, it lists the disposition of Count 4 as "Finding of Guilty." *Id.* She expresses concern that someone reading the abstract of judgment might interpret it to mean that convictions were entered on all four counts and then merged.

We agree that it is possible to read the abstract of judgment as stating convictions were entered on all four of the counts against Kidd. Therefore, we remand with instructions that Kidd's abstract of judgment be amended to clarify that Counts 1, 2, and 3 were not convictions.

# Conclusion

We conclude the trial court did not abuse its discretion by admitting Kidd's blood test results and thus affirm her conviction for Class D felony operating a vehicle while intoxicated. Due to an ambiguity in Kidd's abstract of judgment, we remand with instructions that the judgment be amended to clarify that no judgment of conviction was entered on Counts 1, 2, and 3.

Affirmed and remanded.

May, J., and Mathias, J., concur.